UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

GLORIA BELL,

                          Plaintiff,

-against-

ISS FACILITY SERVICES, INC., and ABM
INDUSTRIES, INC.,

                          Defendant.
-------------------------------------------------------------------X

Case No. 1:20-cv 07217(ALC)(KHP)

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #:_____
DATE FILED: 05/04/2021

## STIPULATED PROTECTIVE ORDER

    The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, and the parties having stipulated to the following provisions, it is hereby ORDERED that any person subject to this Order-including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultation, acting as such, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms, upon pain of contempt:

**Discovery Materials May be Designated As Confidential**

    1.    Any person subject to this Order who received from any other person any "Discovery Material" (i.e. information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else expect as expressly permitted hereunder.

    2.    The person producing Discovery Material may designate as "Confidential" any portion thereof that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing

person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others. Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, on the confidential portion shall be so designated.

3. With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" either on the record during the deposition or in writing within five (5) business days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing person realizes that some portion of Discovery Material that person previously produced without limitation should be designated that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" designation with two (2) business days of providing such notice.

**Who May Receive Confidential Materials**

5. No person subject to this Order, other than the producing person, shall disclose any Confidential Discovery Material to any other person whomsoever, expect to:

    (a) The parties to this action;

    (b) Counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action;

(c) As to any document, its authors, its addressee, and any other person shown on the face of the document as having received a copy;

(d) Any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(e) Any person retained by a party to serve as an expert witness or consultant to otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(f) Stenographs and video technicians engaged to transcribe or record depositions conducted in this action;

(g) Independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer services personnel performing duties in relation to a computerized litigation system;

(h) The Court and its staff; and

(i) Any other person whom the producing person, or other person designated the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.

6. Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form, annexed hereto, stating the the person has read this Oder and agrees to be bound by its terms. Counsel shall retain each signed Non-disclosure

Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trail) or at the conclusion of the case, whichever comes first.

*Filing Confidential Materials in this Action*

7. Any person who either object to any designation of confidentiality, or who by contrast, requests still further limits on disclosure (such as "attorneys' eyes only," reserved for extraordinary circumstances), may at any time prior to the trial of the action serve upon the designating person and all other parties a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons shall request a joint telephone call with the Court to obtain a ruling.

8. Notwithstanding the designation of material as "Confidential" in discovery, the parties will abide the Judge's applicable Individual Rules of Practice prior to filing any such documentation on the public docket. *See Individual Rules of Practice Section* (C)(i)- (D).

9. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent unauthorized or inadvertent disclosure of such material.

*Inadvertent Disclosure of Privileged Materials*

10. If, in connection with litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a producing person inadvertently discloses information that it claims is subject to a claim of attorney-client privilege or attorney work production protection ("Inadvertently Disclosed Information") such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

11. If a disclosing person makes a claim of inadvertent disclosure, all receiving persons, shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

12. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to Inadvertently Disclosed Information.

13. If a receiving person therefore moves the Court for an order compelling production of Inadvertently Disclosed Information that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of the Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera review* of the Inadvertently Disclosed Information.

*Termination of the Litigation*

14. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Confidential Discovery Material and all copies thereof, shall be promptly returned to the producing person, or upon permission of the producing person, destroyed.

15. During the pendency of this case only, the Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED**

Dated: May 3, 2021

**SO ORDERED**

*Katharine H Parker*

HON. ANDREW L. CARTER, JR., USDJ

or

HON. KATHARINE H. PARKER, USMJ

**05/04/2021**

HARRIS LAW

_____

Attn: Ivonne Norman, Esq. (ivonnenorman@harrislawnyc.com)
*Attorneys for Plaintiff*
110 East 59th Street, Suite 3200
New York, New York 10022
Phone: (212) 593-7600

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

_____

Ephraim J. Fink, Esq.
*Attorneys for Defendant*
ISS FACILITY SERVICES, INC.
287 Bowman Avenue, Suite 404
Purchase, New York 10577
Phone: (914) 977-7300
Direct Dial: (914) 977-7306
Fax: (914) 977-7301
E-mail: EJFink@MDWCG.com
Our File No.: 41250.00153

MORRISON MAHONEY LLP

_____

Attn: Kateryna Stupnevich (KStupnevich@morrisonmahoney.com)
*Attorneys for Defendant*
ABM INDUSTRIES, INC.
Wall Street Plaza
88 Pine Street, Suite 1900
New York, New York 10005
Phone: (212) 428-2488
Fax: (646) 576-8936